the assignment from the safe, and gave it to the plaintiff, the assignee therein named. We are of the opinion that.this assignment never became effective as against creditors. When the assignor executed the same he had no intention of having it delivered as an effective instrument, but intended the same to be used only as a shield, in case of necessity. .The last positive instructions which the case shows that the assignor made to his attorney were to the effect that he should not deliver that instrument in the morning of the day above mentioned. There is no evidence of any instruction that he should deliver it at a particular time, or in any particular event, though it is a fair inference that the same was designed to be delivered or withheld from delivery according to the course pursued in the action in the municipal court. There is no evidence of any subsequent direction of the assignor to the attorney to deliver the instrument to the assignee. The assignor kept within his own control, save as above-mentioned, the entire matter. Southwick pursued his business as theretofore, without any change, and as though the instrument that he had executed was not outstanding. It was, in fact, a provisional execution of a general assignment, not to become operative until further orders had been given to the attorney. There was therefore reserved to the assignor the right to withhold the delivery of the assignment, and the right to revoke it and render it void. Until delivery, an assignment is a nullity, and unless the assignor has, by his acts, authorized a delivery, the instrument is inoperative. *Reichenbach* v. *Winkhaus*, 67 How. Pr. 512; *McIlhargy* v. *Chambers*, 23 N. E. Rep. 1144; *Chapin* v. *Thompson*, 89 N. Y. 270. The referee has found as a fact that the assignment was made for the purpose of defrauding creditors, and particularly creditor Houghtaling, and is therefore void. This conclusion is abundantly sustained by the evidence, and is fortified by the following authorities, which show that it is not the intent of the assignee, but rather the intent of the assignor, before the delivery of the assignment, which is to govern: *Cuyler* v. *McCartney*, 40 N. Y. 221; *Talcott* v. *Hess*, 31 Hun, 282. The judgment should be affirmed, with costs. All concur.

---

CLEMENT *v.* BURTIS *et al.*

(*Supreme Court, General Term, Second Department.* May 12, 1890.)

Appeal from special term, Kings county.

Foreclosure by Amelia P. Clement against Nathaniel W. Burtis and Mary L. Burtis, his wife. At the sale, Edward J. O'Flyn became the purchaser, but subsequently refused to complete the purchase because one of the deeds in the chain of title contained the following clause: "Upon the express condition, nevertheless, that the said party of the second part, his heirs or assigns, shall not at any time or times hereafter erect, place, or permit, or suffer to be erected, placed, or put, or remain in or upon the said premises, or any part or parcel thereof, any building or erection, or carry on any business, which shall or may cause or become a nuisance to others owning lands or contiguous thereto." Plaintiff's motion to compel O'Flyn to complete his purchase was granted, and O'Flyn appeals.

Argued before BARNARD, P. J., and DYKMAN, J.

*H. C. Conrady,* for appellant. *H. C. M. Ingraham,* for respondent.

No opinion. Order affirmed, with costs.

---

ADAMS *v.* SPEELMAN.

(*Supreme Court, General Term, Fifth Department.* June 20, 1890.)

ATTACHMENT—LEVY.

    Code Civil Proc. N. Y. § 649, subd. 2, directing that a copy of a warrant of attachment, and the affidavit upon which it was granted, shall be delivered without delay